# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORKY MCMILLIN CONSTRUCTION SERVICES, INC., a California corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation, <br><br> Defendant. | CASE NO. 11cv1686 DMS (CAB) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> **[Docket No. 10]** |

This matter comes before the Court on Defendant U.S. Specialty Insurance Company's motion to dismiss. Plaintiffs Corky McMillin Construction Services, Inc., McMillin-NTC 129, LLC, McMillin-NTC 80, LLC, McMillin-NTC 138, LLC and McMillin-NTC, LLC filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court denies the motion.

## I.
## BACKGROUND

Plaintiffs obtained a Directors, Officers and Organization Liability Insurance Policy from Defendant. Pursuant to the Insuring Agreement, Defendant agreed to "pay to or on behalf of the **Insured Organization Loss** arising from **Claims** first made against it during the **Policy Period** or Discovery

/ / /

- 1 -                                                                                                                    11cv1686

1   / / /

2   Period (if applicable) for **Wrongful Acts**." (Compl., Ex. A-2 at 26.)[1]  The policy period is June 1, 2009, to June 1, 2010.  (Compl., Ex. A-1 at 2.)

On November 9, 2009, Bonita Mann filed a class action complaint against Plaintiffs in San Diego Superior Court.  (Compl. ¶ 15.)  That case is based on alleged misrepresentations and omissions that Plaintiffs made to home buyers regarding the nature, value and desirability of certain residential communities in the Liberty Station neighborhood of San Diego.  Plaintiffs tendered the case to Defendant for coverage under the Policy, but Defendant denied the claim citing Endorsement No. 28. That Endorsement is entitled, "Errors & Omissions Exclusion (Applicable to Entity Only; With Security Holder Claim Carveback)," and states:

> In consideration of the premium charged, it is agreed that the Insurer will not be liable to make any payment of **Loss** in connection with any **Claim** against the **Insured Organization** arising out of, based upon or attributable to the rendering of or failure to render services for others, including without limitation services performed for or on behalf of customers or clients of the **Insured Organization**; provided, that this exclusion will not apply to **Claims** brought directly or derivatively by security holders of the **Insured Organization** in their capacity as such.

(Compl., Ex. A-2 at 20.)

Plaintiffs filed the present case on July 28, 2011, alleging claims for declaratory relief and estoppel.  After a telephonic conference with counsel, the present motion followed.

## II.

## DISCUSSION

Defendant argues Endorsement No. 28, the Errors & Omissions ("E&O") Endorsement, bars coverage for Plaintiffs' claim, therefore the Complaint must be dismissed. Plaintiffs disagree, and argue the E&O Endorsement is ambiguous.  They also assert Defendant's interpretation of the Endorsement renders coverage illusory.

"Although they have special features, the ordinary rules of contractual interpretation apply to insurance agreements."  *General Star Indemnity Co. v. Superior Court*, 47 Cal. App. 4th 1586, 1592 (1996) (citing *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.*, 9 Cal. 4th 27, 37 (1994)).

---

[1] The page number cited refers to the page entry on the docket.  For instance, the page cited here, page 26, is page 2 of the Policy.

1  The purpose of these rules "is to give effect to the mutual intention of the parties, and such intent is to
2  be inferred, if possible, solely from the written provisions of the contract." *Id.* (citing *La Jolla Beach*
3  *& Tennis Club*, 9 Cal. 4th at 37). "'If contractual language is clear and explicit, it governs.'" *Id.*
4  (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)).

5  The language at issue here provides that Defendant is not liable for any claims "arising out of,
6  based upon or attributable to the rendering of or failure to render services for others, including without
7  limitation services performed for or on behalf of customers or clients of the **Insured Organization**[.]"
8  (Compl., Ex. A-2 at 20.)  The Policy does not define "services," so Defendant asserts it must be
9  construed in its ordinary and popular sense as helping or doing work for someone.  Plaintiffs do not
10 offer an alternative construction of "services," but instead argue Defendant's proposed construction is
11 so vague and overbroad it renders coverage illusory.

12 Defendant is correct that in the absence of a specific definition of the term "services," the Court
13 should apply the ordinary and popular meaning of the term. *Bay Cities Paving & Grading, Inc. v.*
14 *Lawyers' Mutual Ins. Co.*, 5 Cal. 4th 854, 865 (1993).  "This reliance on common understanding of
15 language is bedrock." *Id.*  The Merriam Webster Dictionary defines "service" as "the work performed
16 by one that serves," "help, use, benefit," "contribution to the welfare of others." *Service Definition,*
17 Merriam-Webster, http://www.merriam-webster.com/dictionary/service (last visited Jan. 10, 2012).
18 Plaintiffs are correct that this definition encompasses a wide array of activities, and in that sense, it is
19 very broad, but "broad meanings do not necessarily create ambiguity." *Bay Cities*, 5 Cal. 4th at 868.
20 "To the contrary, a word with a broad meaning ... may be used for that very reason-its breadth-to
21 achieve a broad purpose." *Id.*  The breadth of the term "services," therefore, does not make the term
22 ambiguous.

23 However, when viewed in the context of the policy as a whole, the Court agrees with Plaintiffs
24 that there is an ambiguity.  The coverage provision of the policy provides Defendant "will pay to or on
25 behalf of the **Insured Organization Loss** arising from claims first made against it during the **Policy**
26 **Period** or **Discovery Period** (if applicable) for **Wrongful Acts**." (Compl., Ex. A-2 at 26.)  "Wrongful
27 Acts" are defined to include "any other actual or alleged act, error, misstatement, misleading statement,
28 omission or breach of duty (a) by the **Insured Organization**, or (b) by an **Insured Person** in his or her

capacity as a director, officer, member, manager or **Employee** of the **Insured Organization** or in an **Outside Capacity**[.]" (*Id.* at 30.) The E&O Endorsement then precludes coverage "based upon or attributable to the rendering of or failure to render services for others, including without limitation services performed for or on behalf of customer or clients of the **Insured Organization**[,]" (*id.* at 20), but it is unclear whether the term "services," broadly defined to include helping or doing work for someone, is meant to include the "wrongful acts" specifically identified in the grant of coverage, such as "misstatement[s], misleading statement[s and] omission[s,]" (*id.* at 30), and more particularly, the misstatements, misleading statements and omissions contained in the marketing materials and sales brochures at issue in the *Mann* action. This uncertainty is even more pronounced when one considers that "coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured[,]" and "exclusionary clauses are to be interpreted narrowly against the insurer." *State Farm Mutual Automobile Ins. Co. v. Partridge*, 10 Cal. 3d 94, 101-02 (1973).

With these canons of construction in mind, and further considering the claims in the *Mann* action, there is, at a minimum, ambiguity about the meaning of the term "services"as used in the E&O Endorsement.[2] In light of this ambiguity, Defendant is not entitled to dismissal of Plaintiffs' Complaint.

### III.
### CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED**.

DATED: January 11, 2012

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] In light of this finding, the Court declines to address Plaintiffs' argument of illusory coverage.